# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| SBARRO, INC., *et al.*,[1] | ) Case No. 11-11527 (SCC) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |

### INTERIM ORDER AUTHORIZING THE DEBTORS TO (A) CONTINUE USING THEIR EXISTING CASH MANAGEMENT SYSTEM, BANK ACCOUNTS AND BUSINESS FORMS, (B) MAINTAIN EXISTING INVESTMENT PRACTICES, (C) CONTINUE INTERCOMPANY TRANSACTIONS AND (D) PROVIDE POSTPETITION INTERCOMPANY CLAIMS ADMINISTRATIVE EXPENSE PRIORITY

Upon the motion (the "***Motion***")[2] of Sbarro, Inc. ("***Sbarro***") and certain of its affiliates, as debtors and debtors in possession (collectively, the "***Debtors***"), for entry of an interim order (this "***Interim Order***") authorizing the Debtors to (a) continue using their existing cash management system, bank accounts and business forms, (b) perform ordinary course intercompany transactions and (c) provide postpetition intercompany claims administrative expense priority; and upon the First Day Declaration; and this Court having found that this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Sbarro, Inc. (1939); Sbarro Holdings, LLC (3819); Carmela's of Kirkman Operating, LLC (1182); Carmela's of Kirkman LLC (7703); Carmela's, LLC (8088); Corest Management, Inc. (9134); Demefac Leasing Corp. (2379); Larkfield Equipment Corp. (7947); Las Vegas Convention Center LLC (7645); Sbarro America Properties, Inc. (9540); Sbarro America, Inc. (9130); Sbarro Blue Bell Express LLC (1419); Sbarro Commack, Inc. (4007); Sbarro Express LLC (0253); Sbarro New Hyde Park, Inc. (6185); Sbarro of Las Vegas, Inc. (2853); Sbarro of Longwood, LLC (0328); Sbarro of Virginia, Inc. (2309); Sbarro Pennsylvania, Inc. (3530); Sbarro Properties, Inc. (9541); Sbarro Venture, Inc. (3182); Sbarro's of Texas, Inc. (5139); Umberto at the Source, LLC (8024); Umberto Deer Park, LLC (8728); Umberto Hauppauge, LLC (8245); Umberto Hicksville, LLC (0989); Umberto Huntington, LLC (8890); and Umberto White Plains, LLC (8159). The Debtors' service address is: 401 Broadhollow Road, Melville, New York 11747.

[2] All capitalized terms used but otherwise not defined herein shall have the meanings set forth in the Motion.

the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. § 1408; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors and other parties in interest; and notice of the Motion appearing adequate and appropriate under the circumstances; and this Court having found that no other or further notice need be provided; and this Court having reviewed the Motion and having heard statements in support of the Motion at a hearing held before this Court (the "***Hearing***"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and this Court having found that the relief requested in the Motion is necessary to prevent immediate and irreparable harm; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefore, it is hereby ORDERED THAT:

1.      The Motion is granted on an interim basis to the extent set forth herein, subject to becoming a final order as provided herein.

2.      The Debtors are authorized to continue using their integrated cash management system as described in the Motion (the "***Cash Management System***").

3.      The Debtors are authorized to: (a) continue to use, with the same account numbers, all of the bank accounts in existence as of the Petition Date, including, without limitation, those accounts identified on **Exhibit C** to the Motion (the "***Bank Accounts***"); (b) treat the Bank Accounts for all purposes as accounts of the Debtors as debtors in possession; and (c) use, in its present form, all correspondence and business forms (including, but not limited to, letterhead, purchase orders, invoices and other documents) related to the Bank Accounts existing immediately before the Petition Date; *provided, however*, that as soon as practicable after the

2

Petition Date, the Debtors will note their status as "debtors in possession" on checks that are electronically printed, as well as business forms other than any such forms distributed or related to customers; *provided, further*, that, with respect to Bank Accounts held at Non-Authorized Depositories, the Debtors will seek to have Non-Authorized Depositories enter into the U.S. Trustee depository agreement (if needed) or otherwise make other arrangements that are acceptable to the U.S. Trustee.

4.     Except as otherwise expressly provided in this Interim Order, all banks at which the Bank Accounts are maintained (collectively, the "***Banks***") are authorized and directed to continue to service and administer the Bank Accounts as accounts of the Debtors as debtors in possession, without interruption and in the ordinary course, and to receive, process, honor and pay any and all checks, drafts, wires and automatic clearing house transfers issued and drawn on the Bank Accounts before or after the Petition Date by the holders or makers thereof, as the case may be; *provided*, *however*, the Banks shall not be liable to any party on account of (a) following the Debtors instructions or presentations as to any order of this Court, (b) the honoring of any prepetition checks, drafts, wires or automatic clearing house transfers in a good faith belief that this Court has authorized such prepetition check, draft, wire or automatic clearing house transfer or (c) an innocent mistake made despite implementation of reasonable handling procedures.

5.     The Banks are authorized to charge and the Debtors are authorized to pay or honor, both prepetition and postpetition service and other fees, costs, charges and expenses to which the Banks may be entitled under the terms of and in accordance with their contractual arrangements with Debtors.  The Debtors shall reimburse the Banks for any claim arising prior to or after the Petition Date in connection with any returned items to the Bank Accounts in the normal course of business.

K&E 18697170

6.      The Debtors are authorized to open any new bank accounts or close any existing Bank Accounts as they may deem necessary and appropriate in their sole discretion; *provided, however*, that the Debtors will provide notice to the U.S. Trustee of the opening and closing of any bank accounts; *provided*, *further*, that the Debtors may only open a new bank account with a bank designated as an Authorized Depository under the U.S. Trustee Guidelines, unless first obtaining the consent of the U.S. Trustee.

7.      The Debtors are authorized to direct the Banks, and the Banks are authorized and directed, to pay obligations in accordance with this or any separate order of this Court; *provided, however*, that the Debtors shall continue to track funds transferred into the Debtors' accounts from accounts owned by the Joint Ventures and shall include such amounts in a separate line item in monthly operating reports filed in theses cases.

8.      Except as otherwise provided in this Interim Order or in a separate order of this Court, all Banks provided with notice of this Interim Order maintaining any of the Bank Accounts shall not honor or pay any bank payments drawn on the listed Bank Accounts or otherwise issued prior to the Petition Date.

9.      As soon as practicable after entry of this Interim Order, the Debtors shall serve a copy of this Interim Order on each Bank and financial institution at which the Bank Accounts are maintained.

10.      The Debtors are authorized, but not required, in their business judgment, to continue performing Intercompany Transactions in the ordinary course of business.   All Intercompany Claims arising after the Petition Date shall be accorded administrative expense priority in accordance with sections 503(b) and 507(a)(2) of the Bankruptcy Code.  The Debtors

K&E 18697170

shall continue to track all Intercompany Transactions electronically through their accounting system in the ordinary course of business.

11.     The final hearing (the "***Final Hearing***") on the Motion shall be held on April 26, 2011 at 10:00 a.m. Eastern Time.  Any objections or responses to entry of the final order shall be filed five (5) days before the Final Hearing on April 21, 2011 at 4:00 p.m. Eastern Time and served on the following parties:  (a) counsel to the Debtors; (b) the Office of the United States Trustee for the Southern District of New York; (c) the entities listed on the Consolidated List of Creditors Holding the 30 Largest Unsecured Claims filed pursuant to Bankruptcy Rule 1007(d); (d) counsel to the agent for the Debtors' proposed postpetition secured lenders and for the Debtors' prepetition first lien lenders; (e) counsel to the Debtors' prepetition second lien lender; (f) the indenture trustee for the Debtors' senior notes; and (g) counsel to the ad hoc group of certain holders of the Debtors' senior notes.

12.     In the event that no objection to the Motion or this Interim Order is timely filed and served, then this Interim Order shall become a final order as of the day immediately following the Objection Deadline, *nunc pro tunc* to the Petition Date, without further hearing or order of this Court.

13.     Nothing in the Motion or this Interim Order, nor as a result of any payment made pursuant to this Interim Order, shall be deemed or construed as an admission as to the validity or priority of any claim against the Debtors or an approval or assumption of any agreement, contract or lease pursuant to section 365 of the Bankruptcy Code.

14.     Nothing in the Motion or this Interim Order, nor as a result of any payment made pursuant to this Interim Order, shall be deemed or construed as a waiver of the right of the Debtors or any statutory committee appointed in these chapter 11 cases, or shall impair the

5

ability of the Debtors or any statutory committee appointed in these chapter 11 cases, to contest the validity and amount of any payment made pursuant to this Interim Order.

15.    The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion or otherwise deemed waived.

16.    The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Interim Order in accordance with the Motion.

17.    Notice of the Motion as provided therein shall be deemed good and sufficient notice of such motion and the requirements of the local rules of this Court are satisfied by such notice.

18.    The terms and conditions of this Interim Order shall be immediately effective and enforceable upon its entry.

19.    This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Interim Order.

Dated:  New York, New York
April 5, 2011

/S/ Shelley C. Chapman
Shelley C. Chapman
United States Bankruptcy Judge

K&E 18697170