**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| SBARRO, INC., *et al.*,[1] | ) ) ) | Case No. 11-11527 (SCC) |
| Debtors. | ) ) ) | Jointly Administered |

## INTERIM ORDER AUTHORIZING THE DEBTORS TO PAY TAXES AND FEES

Upon the motion (the "***Motion***")[2] of Sbarro, Inc. ("***Sbarro***") and certain of its affiliates, as debtors and debtors in possession (collectively, the "***Debtors***"), for entry of an order (this "***Order***") (a) authorizing, but not directing, the Debtors to pay certain sales, income, use, franchise, business and other taxes, as well as certain other reporting, regulatory and miscellaneous fees; and (b) authorizing financial institutions to receive, process, honor and pay checks presented for payment and electronic payment requests relating to the foregoing; and upon the First Day Declaration; and this Court having found that this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. § 1408; and this Court

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Sbarro, Inc. (1939); Sbarro Holdings, LLC (3819); Carmela's of Kirkman Operating, LLC (1182); Carmela's of Kirkman LLC (7703); Carmela's, LLC (8088); Corest Management, Inc. (9134); Demefac Leasing Corp. (2379); Larkfield Equipment Corp. (7947); Las Vegas Convention Center LLC (7645); Sbarro America Properties, Inc. (9540); Sbarro America, Inc. (9130); Sbarro Blue Bell Express LLC (1419); Sbarro Commack, Inc. (4007); Sbarro Express LLC (0253); Sbarro New Hyde Park, Inc. (6185); Sbarro of Las Vegas, Inc. (2853); Sbarro of Longwood, LLC (0328); Sbarro of Virginia, Inc. (2309); Sbarro Pennsylvania, Inc. (3530); Sbarro Properties, Inc. (9541); Sbarro Venture, Inc. (3182); Sbarro's of Texas, Inc. (5139); Umberto at the Source, LLC (8024); Umberto Deer Park, LLC (8728); Umberto Hauppauge, LLC (8245); Umberto Hicksville, LLC (0989); Umberto Huntington, LLC (8890); and Umberto White Plains, LLC (8159). The Debtors' service address is: 401 Broadhollow Road, Melville, New York 11747.

[2] All capitalized terms used but otherwise not defined herein shall have the meanings set forth in the Motion.

having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors and other parties in interest; and notice of the Motion appearing adequate and appropriate under the circumstances; and this Court having found that no other or further notice need be provided; and this Court having reviewed the Motion and having heard statements in support of the Motion at a hearing held before this Court (the "*Hearing*"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and this Court having found that relief requested in the Motion is necessary to prevent immediate and irreparable harm; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefore, it is hereby ORDERED THAT:

1.   The Motion is granted on an interim basis to the extent set forth herein, subject to becoming a final order as provided herein.

2.   The final hearing (the "*Final Hearing*") on the Motion shall be held on April 26, 2011 at 10:00 a.m. Eastern Time. Any objections or responses to entry of the final order shall be filed five (5) days before the Final Hearing on April 21, 2011 at 4**:00** p.m. Eastern Time and served on the following parties:  (a) counsel to the Debtors; (b) the Office of the United States Trustee for the Southern District of New York; (c) the entities listed on the Consolidated List of Creditors Holding the 40 Largest Unsecured Claims filed pursuant to Bankruptcy Rule 1007(d); (d) counsel to the agent for the Debtors' proposed postpetition secured lenders and for the Debtors' prepetition first lien lenders;; (e) counsel to the Debtors' prepetition second lien lender; (f) the indenture trustee for the Debtors' senior notes; and (g) counsel to the ad hoc group of certain holders of the Debtors' senior notes.

3. Subject to further Court order, the Debtors are authorized, but not required, in their sole discretion, to pay and remit certain prepetition Taxes or Fees to various Authorities in an amount not to exceed $2,480,000 only to the extent that the Debtors believe, in good faith and after reasonable inquiry, such Taxes and Fees are (a) taxes likely to give rise to personal liability to officers or directors of the Debtors, (b) sales and use taxes, (c) income, franchise and gross receipts taxes, (d) license fees and annual report taxes, (e) regulatory fees; or (f) property taxes that are likely to give rise to liens or security interests in property of the Debtors' estates to the extent that such liens or security interests will receive super priority treatment under the Bankruptcy Code, including but not limited to all of those Taxes and Fees subsequently determined upon audit or otherwise to be owed for periods prior to the Petition Date; *provided*, *however*, that the Debtors shall pay only amounts due and payable as of the Petition Date and amounts that became due and payable between the Petition Date and the date that a final order is entered in the matter, unless otherwise ordered by this Court.

4. In accordance with this Order and any other order of this Court, each of the financial institutions at which the Debtors maintain their accounts relating to prepetition or postpetition obligations that the Debtors are authorized to pay pursuant to this Order is directed to honor checks presented for payment and all fund transfer requests made by the Debtors related to such obligations to the extent that sufficient funds are on deposit in such accounts.

5. Nothing in the Motion or this Order, nor as a result of the Debtors' payment of any Taxes and Fees pursuant to this Order, shall be deemed or construed as an admission as to the validity or priority of any claim against the Debtors, any lien (contractual, common law, statutory or otherwise) or an approval or assumption of any agreement, contract or lease pursuant to section 365 of the Bankruptcy Code.

6. Nothing in the Motion or this Order, nor as a result of any payment made pursuant to this Order, shall be deemed or construed as a waiver of the right of the Debtors or any statutory committee appointed in these chapter 11 cases, or shall impair the ability of the Debtors or any statutory committee appointed in these chapter 11 cases, to contest the validity and amount of any payment made pursuant to this Order.

7. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion or otherwise deemed waived.

8. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

9. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such motion and the requirements of the local rules of this Court are satisfied by such notice.

10. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

11. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: New York, New York
April 5, 2011

/S/ Shelley C. Chapman
Shelley C. Chapman
United States Bankruptcy Judge