UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| SBARRO, INC., *et al.*,[1] | ) ) ) | Case No. 11-11527 (SCC) |
| Debtors. | ) ) ) | Jointly Administered |

**FINAL ORDER AUTHORIZING DEBTORS TO PAY
CERTAIN PREPETITION CLAIMS OF CRITICAL VENDORS,
LIEN CLAIMANTS AND CLAIMS PURSUANT TO THE PERISHABLE
AGRICULTURAL COMMODITIES ACT AND CERTAIN RELATED RELIEF**

Upon the motion (the "*Motion*")[2] of Sbarro, Inc. ("*Sbarro*") and certain of its affiliates, as debtors and debtors in possession (collectively, the "*Debtors*"), for the entry of a final order (this "*Order*") authorizing, but not directing, the Debtors to (a) pay certain prepetition claims of critical trade vendors (the "*Critical Vendors*," whose claims shall be identified as "*Critical Vendor Claims*"), (b) pay certain prepetition claims of certain essential mechanics and service providers (collectively, the "*Lien Claimants*," whose claims shall be identified as "*Lien Claims*"), (c) timely and fully pay all valid claims arising under the Perishable Agricultural Commodities Act of 1930 ("*PACA*") to PACA vendors (the "*PACA Vendors*," whose claims shall be identified as "*PACA Claims*") in the ordinary course of business and (d)

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Sbarro, Inc. (1939); Sbarro Holdings, LLC (3819); Carmela's of Kirkman Operating, LLC (1182); Carmela's of Kirkman LLC (7703); Carmela's, LLC (8088); Corest Management, Inc. (9134); Demefac Leasing Corp. (2379); Larkfield Equipment Corp. (7947); Las Vegas Convention Center LLC (7645); Sbarro America Properties, Inc. (9540); Sbarro America, Inc. (9130); Sbarro Blue Bell Express LLC (1419); Sbarro Commack, Inc. (4007); Sbarro Express LLC (0253); Sbarro New Hyde Park, Inc. (6185); Sbarro of Las Vegas, Inc. (2853); Sbarro of Longwood, LLC (0328); Sbarro of Virginia, Inc. (2309); Sbarro Pennsylvania, Inc. (3530); Sbarro Properties, Inc. (9541); Sbarro Venture, Inc. (3182); Sbarro's of Texas, Inc. (5139); Umberto at the Source, LLC (8024); Umberto Deer Park, LLC (8728); Umberto Hauppauge, LLC (8245); Umberto Hicksville, LLC (0989); Umberto Huntington, LLC (8890); and Umberto White Plains, LLC (8159). The Debtors' service address is: 401 Broadhollow Road, Melville, New York 11747.

[2] All capitalized terms used but otherwise not defined herein shall have the meanings set forth in the Motion.

grant administrative priority status to all undisputed obligations of the Debtors owing to vendors arising from the postpetition delivery of goods and postpetition rendering of services ordered prior to the Petition Date and authorizing the Debtors to pay such obligations in the ordinary course of business; and upon the Debtors' Supplemental Request With Respect to Debtors' First Day Vendor Motion; and upon the First Day Declaration; and upon the Declaration of Anthony Missano, President of Business Development of Sbarro, Inc.; and this Court having found that this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. § 1408; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors and other parties in interest; and notice of the Motion appearing adequate and appropriate under the circumstances; and this Court having found that no other or further notice need be provided; and this Court having reviewed the Motion and having heard statements in support of the Motion at a hearing held before this Court (the "*Hearing*"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and this Court having found that relief requested in the Motion is necessary to prevent immediate and irreparable harm; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefore, it is hereby ORDERED THAT:

1. The Motion is granted as set forth herein on a final basis.

2. The Debtors are authorized, but not directed, to pay the prepetition claims of the Critical Vendors who agree to continue to supply goods or services to the Debtors postpetition

on terms and conditions acceptable to the Debtors, in their sole discretion in accordance with the payment procedures set forth on Exhibit C to the Motion (as amended and attached hereto as **Exhibit 1**), which are hereby approved to the extent provided herein, in an aggregate amount not to exceed $5,200,000, subject to advance notice to (with supporting documentation as may be agreed upon by the parties) and approval of the Creditors' Committee, through its proposed financial advisor, Mesirow Financial Consultants, LLC (which shall not be unreasonably withheld or delayed).[3]

3. The Debtors shall undertake all appropriate and reasonable efforts to condition payment of Critical Vendor Claims upon the execution of a Trade Agreement, and the Debtors are authorized, but not required, to enter into such Trade Agreements when and if the Debtors determine, in the exercise of their sole reasonable business judgment, that it is appropriate to do so; provided, that the Debtors' inability to enter into a Trade Agreement shall not preclude them from paying a Critical Vendor Claim when, in the exercise of their sole reasonable business judgment, such payment is necessary to the Debtors' operations.

4. Nothing contained in this Order shall constitute a waiver of the Debtors' right to seek damages or other appropriate remedies against any breaching Critical Vendor.

5. Nothing herein shall be construed (a) to limit, or in an way affect, the Debtors' ability to dispute or contest the amount of or basis for a Critical Vendor Claim or any claims against the Debtors arising in connection with or related to the Critical Vendor Claims or (b) as a waiver by any of the Debtors of their rights to contest any invoice or other claim of a Critical Vendor Claim under applicable law.

---

[3] Copies of all advance notice and related documentation, if any, provided to the Creditors' Committee will also be provided simultaneously to the U.S. Trustee.

6. The authorization contained herein shall not create any obligation on the part of the Debtors or their officers, directors, attorneys or agents to pay the Critical Vendor Claims, none of the foregoing persons shall have any liability on account of any decision by the Debtors not to pay a Critical Vendor Claim and nothing contained in this Order shall be deemed to increase, reclassify, elevate to an administrative expense status (unless otherwise entitled to administrative expense status) or otherwise affect the Critical Vendor Claims to the extent they are not paid.

7. The Debtors are authorized, but not directed, in the reasonable exercise of their business judgment, to pay all or part of, and discharge, on a case-by-case basis, the Lien Claims in an aggregate amount not to exceed $25,000.

8. Nothing herein shall impair the Debtors' ability to contest, without prejudice, in their sole discretion, the validity and amounts of any claim obligations to the Lien Claimants.

9. Neither the Debtors nor any other party in interest concedes that any liens (contractual, common law, statutory or otherwise) satisfied pursuant to this Final Order are valid, and the Debtors expressly reserve the right to contest the extent, validity or perfection or seek the avoidance of all such liens.

10. The Debtors are authorized to review PACA Claims received from PACA Vendors and to pay all valid PACA Claims, in the ordinary course of business, including any and all amounts relating to the period prior to the Petition Date; provided, however, that the PACA Vendors provide the appropriate PACA Notice.

11. The Debtors' right to contest the validity or amount of any PACA Claims asserted against them is unimpaired by this Order.

12. Any PACA Vendor who accepts payment from the Debtors in satisfaction of its valid PACA Claim will be deemed to have waived any and all claims of whatever type, kind or priority, against the Debtors, their property, their estates, and any PACA Trust Assets.

13. Nothing in the Motion or this Order shall constitute a finding that the Debtors are subject to PACA.

14. Nothing herein shall prohibit the Debtors from seeking Court authority to increase the prepetition amounts authorized to be paid hereunder.

15. All undisputed amounts relating to Outstanding Orders are hereby deemed postpetition administrative expense claims pursuant to section 503(b) of the Bankruptcy Code and the Debtors are authorized, but not directed, to pay, such amounts in the ordinary course of business consistent with the parties' customary practices in effect prior to the Petition Date.

16. In accordance with this Order and any other order of this Court, each of the financial institutions at which the Debtors maintain their accounts relating to the prepetition or postpetition obligations the Debtors are authorized to pay pursuant to this Order is directed to honor checks presented for payment and all fund transfer requests made by the Debtors related to such obligations to the extent that sufficient funds are on deposit in such accounts.

17. The Debtors are authorized to issue postpetition checks or to make additional electronic payment requests with respect to payment of a Critical Vendor Claim, Lien Claim, Outstanding Order and PACA Claim in the event prepetition checks or electronic payment requests are dishonored or rejected.

18. Nothing in the Motion or this Order, nor as a result of any payment made pursuant to this Order, shall be deemed or construed as an admission as to the validity or priority of any claim against the Debtors, an approval or assumption of any agreement, contract or lease

5

pursuant to section 365 of the Bankruptcy Code or a waiver of the right of the Debtors, or shall impair the ability of the Debtors, to contest the validity and amount of any payment made pursuant to this Order.

19. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

20. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

21. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: New York, New York
May 3, 2011

                                        */s/ Shelley C. Chapman*
                                        Shelley C. Chapman
                                        United States Bankruptcy Judge