**Hearing Date: May 18, 2011 at 10:30 a.m. (EST)**
**Objection Deadline: May 11, 2011 at 4:00 p.m. (EST)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: SBARRO, INC., et al.,[1] ) | Case No. 11-11527 (SCC) |
| ) | |
| ) | Jointly Administered |
| ) | |
| ) | Chapter 11 |
| Debtors ) | |

**APPLICATION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF MESIROW FINANCIAL CONSULTING LLC AS ITS FINANCIAL ADVISORS *NUNC PRO TUNC* TO APRIL 12, 2011**

The Official Committee of Unsecured Creditors (the "Committee") appointed in the Chapter 11 cases of Sbarro, Inc., et al., the debtors and debtors-in-possession herein (the "Debtors"), submits this application (the "Application") for entry of an order, pursuant to sections 328, 1103(a) and 1103(b) of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules"), authorizing the retention and employment of Mesirow

---

[1]    The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Sbarro, Inc. (1939); Sbarro Holdings, LLC (3819); Carmela's of Kirkman Operating, LLC (1182); Carmela's of Kirkman LLC (7703); Carmela's, LLC (8088); Corest Management, Inc. (9134); Demefac Leasing Corp. (2379); Larkfield Equipment Corp. (7947); Las Vegas Convention Center LLC (7645); Sbarro America Properties, Inc. (9540); Sbarro America, Inc (9130); Sbarro Blue Bell Express LLC (1419); Sbarro Commack, Inc. (4007); Sbarro Express LLC (0253); Sbarro New Hyde Park, Inc. (6185); Sbarro of Las Vegas, Inc. (2853); Sbarro of Longwood, LLC (0328); Sbarro of Virginia, Inc. (2309); Sbarro Pennsylvania, Inc. (3503); Sbarro Properties, Inc., (9541); Sbarro Venture, Inc. (3182); Sbarro's of Texas, Inc. (5139); Umberto at the Source, LLC (8024); Umberto Deer Park, LLC (8728); Umberto Hauppauge, LLC (8245); Umberto Hicksville, LLC (0989); Umberto Huntington, LLC (8890); and Umberto White Plains, LLC (8159). The Debtors' service address is 401 Broadhollow Road, Melville, New York 11747.

1875700.2

Financial Consulting, LLC ("MFC"), as financial advisors to the Committee *nunc pro tunc* to April 12, 2011. In support of this Application, the Committee relies upon the affidavit of Larry Lattig (the "Lattig Affidavit"), which is attached hereto as Exhibit A and incorporated herein by reference, and respectfully represents as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b) (2). Venue of the Debtors' Chapter 11 cases and this Application in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory predicates for the relief sought herein are sections 328, 1103(a) and 1103(b) of the Bankruptcy Code, Bankruptcy Rules 2014(a), 2016 and 5002 and Local Bankruptcy Rule 2014-1.

## BACKGROUND

3.      On April 4, 2011 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On April 5, 2011, this Court entered an order jointly administering these cases pursuant to Bankruptcy Rule 1015(b). No request for the appointment of a trustee or examiner has been made in these Chapter 11 cases.

4.      On April 12, 2011, the United States Trustee for Region 2 (the "U.S. Trustee"), pursuant to section 1102(a) and 1102(b) of the Bankruptcy Code, appointed the Committee to represent the interests of all unsecured creditors in these Chapter 11 cases. The members of the Committee are: (i) GGP Limited Partnership; (ii) Pepsico; (iii) Performance Food Group, Inc., f/k/a Vistar Corporation; (iv) Simon Property Group, Inc.; and (v) The Bank of New York.

1875700.2

5.      At a duly conducted meeting held on April 12, 2011, the Committee interviewed several potential financial advisors and after due deliberation and a vote, decided to retain MFC as its financial advisors in these Chapter 11 cases.

## RELIEF REQUESTED

6.      By this Application, the Committee requests authorization to retain and employ MFC as its financial advisors in these Chapter 11 cases.  Specifically, the Committee respectfully requests entry of an order, pursuant to sections 328, 1103(a) and 1103(b) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Bankruptcy Rule 2014-1, authorizing MFC to perform those financial advisory services that will be necessary during these Chapter 11 cases as more fully described below.

## SERVICES TO BE RENDERED

7.      Subject to the direction of the Committee and further order of this court, the professional services to be rendered by MFC will include the following:

a.   Assistance in the review of reports or filings as required by the Bankruptcy Court or the U.S. Trustee, including, but not limited to, schedules of assets and liabilities, statements of financial affairs and monthly operating reports;

b.   Review of the Debtors' financial information, including, but not limited to, analyses of cash receipts and disbursements, DIP and other cash flow budgets, wind down budget, financial statement items and proposed transactions for which Bankruptcy Court approval is sought;

c.   Review and analysis of potential recoveries to unsecured creditors and related liquidation analysis;

d.   Evaluation of employee issues, including, but not limited to potential employee retention, incentive and severance plans;

e.   Analysis of assumption and rejection issues regarding executory contracts and leases;

f.   Review and analysis for the purpose of validation of the Debtors' business plan, operations, assets and strategic plans, including the Debtors'

3

1875700.2

proposed restructuring and sale plan, and the business and financial condition of the Debtors generally;

g. Review and analysis of legal entity relationships, including, but not limited to, analysis of issues which may be raised regarding substantive consolidation and accounting for intercompany transactions and balances, including off balance sheet liabilities;

h. Advice and assistance to the Committee in negotiations and meetings with the Debtors, the banks and other lenders, and any other stakeholders and the financial and legal advisors for the aforementioned parties;

i. Advice and assistance on the tax consequences of proposed transactions, including, but not limited to, preservation of tax attributes;

j. Assistance with the claims resolutions and procedures, including, but not limited to, analyses of creditors' claims by type and entity;

k. Review and analysis of potential fraudulent transfers, including specific transaction and forensic analyses;

l. Litigation consulting services and expert witness testimony regarding confirmation issues, avoidance actions or other matters;

m. Review and analysis of exit and other new financing, including collateral analysis and cash flow validation;

n. Review and analysis of pension funding and related liabilities, and other union related issues; and,

o. Other such functions as requested by the Committee or its counsel to assist the Committee in these Chapter 11 cases.

8. Subject to this Court's approval of the Application, MFC is willing to serve as the Committee's financial advisors and to perform the services described above.

## QUALIFICATIONS OF PROFESSIONALS

9. The Committee has selected MFC as its financial advisors because of the firm's diverse experience and extensive knowledge in the field of bankruptcy.

10. The Committee needs assistance in collecting and analyzing financial and other information in relation to the Chapter 11 cases. MFC has considerable experience with rendering

1875700.2

such services to committees and other parties in numerous Chapter 11 cases. As such, MFC is qualified to perform the work required in these cases.

## DISINTERESTEDNESS OF PROFESSIONALS

11. To the best of the Committee's knowledge and based upon the Lattig Affidavit, MFC is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code.

12. To the best of the Committee's knowledge and based upon the Lattig Affidavit, MFC does not hold or represent an interest adverse to the estates with respect to the matter on which MFC will be employed, in accordance with section 1103(b) of the Bankruptcy Code.

13. To the best of the Committee's knowledge and based upon the Lattig Affidavit, (a) MFC's connections with the Debtors, creditors, any other party in interest, or their respective attorneys are disclosed on Exhibit B to the Lattig Affidavit; and (b) the MFC professionals working on this matter are not relatives of the U.S. Trustee or of any known employee in the office thereof, or any United States Bankruptcy Judge of the Southern District of New York

14. MFC has not provided, and will not provide any, professional services to the Debtors, any of the creditors, other parties-in-interest, or their respective attorneys and accountants with regard to any matter related to these Chapter 11 cases.

## PROFESSIONAL COMPENSATION

15. MFC's requested compensation for professional services rendered to the Committee will be based upon the hours actually expended by each assigned staff member at each staff member's hourly billing rate.

16. The Committee has agreed to compensate MFC for professional services rendered at its normal and customary hourly rates. MFC's hourly billing rates for professionals are not intended

5

to cover the out-of pocket expenses and certain elements of overhead that are typically billed separately.

17.    In the normal course of business, MFC revises its hourly rates on April 1 of each year.  MFC requests that the rates listed below be revised to the hourly rates that are in effect at the time services are rendered.  The current normal and customary hourly rates for financial advisory services to be rendered by MFC and applicable herein are as follows:

| Level | Rates |
|---|---|
| Senior Managing Director/Managing Director and Director | $775 - $825 |
| Senior Vice President | $665 - $725 |
| Vice President | $565 - $625 |
| Senior Associate | $465 - $525 |
| Associate | $285 - $395 |
| Paraprofessional | $145 - $240 |

18.    With respect to this engagement, MFC has agreed with the Committee that its average hourly rate (calculated by dividing the value of services rendered (hours time billable rates) by the number of hours of services rendered) will not exceed $600 per hour.

19.    MFC will also seek reimbursement for necessary expenses incurred, which shall include, but not be limited to, travel, photocopying, delivery service, postage, vendor charges and other out-of-pocket expenses incurred in providing professional services.  MFC will charge the Committee for these expenses in accordance with the guidelines set forth in Local Bankruptcy Rule 2016-1, General Order M-389, and all amendments to and supplemental standing orders of the Court.

20.    MFC intends to apply to the Court for the allowance of compensation for professional services rendered and reimbursement of expenses incurred in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy

1875700.2

Rules. MFC has agreed to accept as compensation such sums as may be allowed by the Court. MFC understands that interim and final fee awards are subject to approval by this Court.

## INDEMNIFICATION

21. By this Application, the Committee requests that the Debtors and their estates agree to indemnify MFC, upon those terms set forth in the Lattig Affidavit. The Committee believes that the Indemnification Provision is customary and reasonable for financial advisors, both in out-of-court and Chapter 11 proceedings. See *In re Joan & David Halpern, Inc.*, 246 B.R. 42 (Bankr. S.D.N.Y. 2000); see also *In re United Artists Theatre Company*, 315 F. 3d 217 (3d Cir. 2003) (order authorizing the indemnification of Houlihan Lokey by the debtors). Thus, the Court should authorize the Debtors to provide the indemnification requested.

## *NUNC PRO TUNC* RELIEF REQUESTED

22. Pursuant to the Committee's request and due to exigent circumstances, MFC commenced this engagement immediately and with assurances that the Committee would seek approval of its employment *nunc pro tunc* to April 12, 2011.

## NOTICE

23. Notice of this Application has been given to: (a) the Office of the United States Trustee for the Southern District of New York; (b) the Debtors and their counsel; (c) the members of and counsel to the Committee; (d) counsel to the agent for the Debtors' prepetition first lien lenders; (e) counsel to the agent for the Debtors' prepetition second lien lenders; (f) agent for the Debtors' prepetition second lien lenders; (g) the indenture trustee for the Debtors' senior notes; (h) counsel to the agent for the Debtors' proposed postpetition secured lenders; (i) counsel to the ad hoc group of certain holders of the Debtors' senior notes; (j) the atttorneys general for each of the States in which the Debtors conduct their operations; (k) the Internal Revenue Service; (l) the Securities

1875700.2

and Exchange Commission; and (m) parties in interest who have filed a notice of appearance in these cases pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested, the Committee respectfully submits that no further notice is necessary or required.  In light of the nature of the relief requested, the Committee respectfully submits that no further notice is necessary.

24.     No previous request for the relief sought herein has been made to this or any other Court.

*[This space intentionally left blank.]*

1875700.2

WHEREFORE, the Committee respectfully requests that the Court enter an order, substantially in the form attached hereto, (i) granting this Application, (ii) authorizing the Committee to retain and employ MFC as its financial advisors *nunc pro tunc* to April 12, 2011 to perform the services set forth herein, (iii) approving the indemnification as set forth in the Lattig Affidavit; and (iv) granting such other and further relief as is just and proper.

Dated: May 4, 2011

THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS OF
**SBARRO, INC., et al.**


By: /s/ Ronald M. Tucker
Name: Ronald M. Tucker
Chair, Official Committee of Unsecured
Creditors for Sbarro, Inc., et al.

1875700.2